IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSMANY ALEXANDER RECINOS,   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>SCARLET GRANT, et al.,   )<br>   )<br>   Respondents.   ) | Case No. CIV-26-52-R |

### ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court are Petitioner's Petition for Writ of Habeas Corpus ("Petition"), (Doc. 1), Respondent's Response in Opposition to the Petition for Writ of Habeas Corpus ("Response"), (Doc. 8), and Petitioner's Reply, (Doc. 9).  For the reasons set forth below, additional briefing with supporting documentation is necessary for the Court to determine whether Petitioner is entitled to relief.

Petitioner, proceeding with counsel, has filed a petition for writ of habeas corpus challenging his immigration detention.  He alleges that his detention violates the Fifth Amendment's Due Process clause (Count I) and 8 C.F.R. § 236.1(c) (Count II).  However, Petitioner's Due Process claim does little more than provide counsel's general thoughts and arguments on why civil detention must comport with due process.  Aside from references to the Fifth Amendment, counsel provides no law in support of her musings.  Similarly, Petitioner's three-sentence regulatory claim makes the conclusory statement that "[u]nder 8 C.F.R. § 236.1 re-detention absent materially changed circumstances is a violation of this Federal Regulation," but cites no case law or other support.  (Doc. 1, at 8).

The regulation itself does not even contain the term "materially changed circumstances." Petitioner also repeatedly refers to exhibits throughout the Petition that are not attached any of the briefs.

Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, that his detention does not violate due process, and that, even if the Respondents violated a regulation, immediate release is not the appropriate remedy. However, Respondents do not address whether they complied with 8 C.F.R. § 236.1. In Petitioner's Reply, he contends that Respondent's § 1225 argument is irrelevant and re-asserts the claims in his Petition, again without any case law in support.

It is a Petitioner's burden to establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's current briefing is woefully insufficient to inform the Respondents and the Court of his legal theories and to guide the undersigned to the applicable law and facts of this case, much less to meet that burden. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Petitioner has counsel in this case, so the undersigned will not liberally construe his Petition to include claims or law that Petitioner's counsel failed to develop. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the undersigned is tempted to recommend that the Court deny the Petition for failure to properly state and develop the legal arguments, Petitioner is instead ordered to provide supplemental briefing that includes citations to legal authority explaining why he is entitled to relief under both of his claims. **Petitioner's supplemental brief shall be filed not later than March 13, 2026. Respondents may file**

**a supplemental response brief not later than 14 days after Petitioner's brief is filed.**

Both parties are instructed to attach all documents relevant to their supplemental briefing.

**IT IS SO ORDERED** this 27th day of February, 2026.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE