**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OSMANY ALEXANDER RECINOS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-52-R** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Osmany Alexander Recinos, a citizen of El Salvador proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2]  United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  In accordance with the briefing schedule, (Doc. 5), Respondents timely filed a response.[3]  (Doc. 8).  Petitioner timely filed a reply.  (Doc. 9). Although the undersigned ordered Petitioner to file supplemental briefing, (Doc. 10),

---

[1] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 3).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The response was not filed on behalf of Respondent Scarlet Grant, Warden of the Cimarron Correctional Facility, because she is not a federal official.  (Doc. 8, at 1 n.1). The undersigned concludes that a separate response from Warden Grant is not necessary to resolve this matter.

Petitioner did not file a supplemental brief. As fully set forth below, the undersigned recommends that the Petition be **DENIED**.

## I.    Factual Background

Petitioner is a citizen of El Salvador who entered the United States on or about November 5, 2013. (Doc. 1, at 1; Doc. 8, at 1; *id.* at Ex. 1, at 1, 17). Petitioner was given a credible fear review, and an asylum officer found Petitioner established a credible fear of persecution. (Doc. 1, at 1; Doc. 8, at Ex. 1, at 8). Then, on November 22, 2013, ICE instituted removal proceedings against Petitioner by issuing a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled. (Doc. 8, at Ex. 1, at 1). On or about November 27, 2013, Petitioner was released from ICE custody on parole. (Doc. 1, at 1). On September 18, 2014, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. (Doc. 1, at 2; Doc. 8, at Ex. 2). On February 18, 2015, the Immigration Court ordered the case administratively closed. (Doc. 8, at Ex. 3, at 2). On September 29, 2025, the United States Department of Homeland Security ("DHS") moved to have the proceedings re-calendared. (*Id.*)

Petitioner alleges that on October 25, 2025, a Blaine County Sheriff's Deputy pulled him over for a cracked windshield and "used his judicial power to take Petitioner into custody on behalf of [DHS]." (Doc. 1, at 2). A second Notice to Appear was issued on October 27, 2025, again charging Petitioner with being an alien present in the United States who had not been admitted or paroled. (Doc. 8, at Ex. 4, at 1). This second Notice to Appear was dismissed at a hearing on November 7, 2025, on DHS's motion because it was issued in error. (*Id.* at Ex. 6). On November 6, 2025, an Immigration Judge granted DHS's

motion to re-calendar in the immigration case stemming from Petitioner's first Notice to Appear, and that case is ongoing. (*Id.* at Exs. 5, 7, 8).

## II.     Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

### A.      The Petition and Subsequent Briefing

Petitioner generally asserts that "allowing re-detention in the absence of new facts would render the initial bond determination meaningless and permit indefinite, cyclical detention, a result inconsistent with the regulatory scheme and constitutional norms." (Doc. 1, at 7). In Count I, Petitioner alleges that his re-detention violated his due process rights under the Fifth Amendment. (*Id.* at 7-8). Specifically, he asserts that "once the government has exercised its detention authority and released an individual from custody, the individual's liberty interest is reinvigorated and substantial" and that "any subsequent deprivation of that liberty requires heightened procedural and substantive justification." (*Id.* at 7). Further, he argues that "re-detention without notice or new justification bears no rational relationship to ensuring appearance at proceedings or protecting the community which it is alleged to accomplish," but instead "operates as punishment for past conduct or procedural posture, which the Fifth Amendment categorically forbids in civil immigration

enforcement." (*Id.* at 7-8). In Count II, Petitioner alleges that "re-detention absent materially changed circumstances violates 8 C.F.R. § 236.1(c)." (*Id.* at 8). As relief, asks the Court to "declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and 8 C.F.R. § 236.1(c)" and to order Petitioner's immediate release. (*Id.*) Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (*Id.*)

In response, Respondents contend that (1) Petitioner's due process claim is premature and baseless, (Doc. 8, at 6-10); and (2) that immediate release is not an appropriate remedy in the context of a habeas proceeding, (*id*. at 10-13). In reply, Petitioner argues that Respondents did not address Petitioner's argument regarding his re-detention without changed circumstances. (Doc. 9, at 1).

### B.    The Undersigned Ordered Supplemental Briefing, but Petitioner Failed to Comply.

After Petitioner filed his reply brief, the undersigned ordered supplemental briefing. (Doc. 10). The undersigned noted that "Petitioner's Due Process claim does little more than provide counsel's general thoughts and arguments on why civil detention must comport with due process" and "provide[d] no law in support." (*Id.* at 1). Further, the undersigned observed that Petitioner's "three-sentence regulatory claim" related to 8 C.F.R. § 236.1 cited no case law or other support. (*Id.*) This was problematic because "the

---

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

regulation itself does not even contain the term 'materially changed circumstances." (*Id.* at 2). The undersigned found that the "current briefing is woefully insufficient to inform the Respondents and the Court of his legal theories and to guide the undersigned to the applicable law and facts of this case, much less to meet [his] burden." (Doc. 10, at 2). Rather than recommend the matter be dismissed, the undersigned ordered Petitioner to file a supplemental brief by March 13, 2026. (*Id.*) Petitioner neither filed a brief nor asked for an extension of time to do so.

> **C.     Petitioner Did Not Meet His Burden of Establishing a Right to Habeas Relief, and His Claims Should be Denied.**

In Count I, Petitioner alleges a violation of his Fifth Amendment right to due process. The Fifth Amendment states: "No person shall be . . . deprived of life, liberty, or property, without due process of law." Petitioner does not provide any legal authority in support of his position, despite it being his burden to prove he is entitled to habeas relief. Noting this, the undersigned gave Petitioner an additional opportunity to brief the issue, but he failed to do so. Considering the lack of authority presented by Petitioner in support of his claim – despite an extra opportunity to brief the issue – the undersigned finds that Petitioner failed to meet his burden that his re-detention amounted to a due process violation. Thus, Count I should be denied. *See, e.g. Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner."); *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *8 (D.N.M. Mar. 30, 2026) ("Petitioner has not met his burden of demonstrating that he has a constitutionally protected liberty interest in receiving written

notice and a bond hearing prior to his re-detention.") (citing *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States.'")); *Rodriguez v. Baltazar*, No. 1:26-CV-01068-CNS, 2026 WL 820488, at *1 (D. Colo. Mar. 25, 2026) ("The individual in custody bears the burden of proving that his detention is unlawful.") (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

Count II alleges that re-detention under 8 C.F.R. § 236.1(c) is prohibited absent a materially changed circumstances.  (Doc. 1, at 8).  Petitioner also notes that "detention under § 236.1(c) implements INA § 236(a)," which is codified at 8 U.S.C. § 1226.  In the order requiring supplemental briefing, the undersigned noted that 8 C.F.R. § 236.1(c) does not contain the phrase "materially changed circumstances." (Doc. 10, at 2).  The regulation states that a non-citizen who has been released from custody may have their release "revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained."  8 C.F.R. § 236.1(c)(9).  Further, 8 U.S.C. § 1226 does not address "changed circumstances," but does state that "the Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." *Id.* at 1226(b).  In light of the statutory and regulatory text and Petitioner's failure to expand on his argument – despite given an extra opportunity to do so – the undersigned finds the claim should be denied

6

because Petitioner did not meet his burden of showing entitlement to relief.

## IV.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by May 4, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 27th day of April, 2026.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").